UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| TIMOTHY KEVIN MCGRUDER, | ) | |
| | ) | |
| Petitioner, | ) | Case No. 6:20-cv-160-GFVT |
| | ) | |
| v. | ) | |
| | ) | |
| C. GOMEZ, WARDEN, | ) | **MEMORANDUM OPINION** |
| | ) | **&** |
| Respondent. | ) | **ORDER** |
| | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Federal inmate Timothy Kevin McGruder has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, claiming there was insufficient federal jurisdiction over his 2002 indictment and subsequent conviction for aiding and abetting murder in aid of racketeering activity.  The matter is now before the Court on initial screening.  *See* 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).  For the reasons that follow, McGruder's petition will be DENIED.

**I**

In 2002, Timothy McGruder and two co-defendants were indicted for aiding and abetting murder in aid of racketeering activity in violation of 18 U.SC. §§ 2 and 1959.  McGruder and his co-defendants were members of the Rolling 60s Crips, a group that, at the time, was engaged in a gang war with the Bogus Boys in St. Paul, Minnesota.  Rolling 60s Crips leadership instructed gang members to shoot Bogus Boys on sight, and, according to the federal grand jury's indictment against them, McGruder and his co-defendants attempted to comply with that instruction.  However, rather than successfully targeting members of the Bogus Boys, they

actually wounded three women and tragically killed a four-year-old girl. The matter proceeded to trial, and all three men were found guilty. McGruder was sentenced to a term of life imprisonment, and the Eighth Circuit Court of Appeals affirmed his conviction and sentence. *See United States of America v. McGruder,* et al., No. 0:02-cr-13-PJS-FLN-2 (D. Minn. 2002). The District of Minnesota later denied McGruder's request for a writ of habeas corpus under 28 U.S.C. § 2255. *See McGruder v. United States of America*, No. 0:05-cv-1046-JMR (D. Minn. 2005). And at least three times since then, the Eighth Circuit has denied McGruder's attempts to file successive requests for § 2255 relief. *See McGruder*, No. 0:02-cr-13-PJS-FLN-2, at R. 329, 333, and 335 therein.

McGruder has now filed a § 2241 petition with this Court. [R. 1.] A § 2241 petition will be denied upon a district court's initial screening "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates McGruder's petition under a more lenient standard because he is proceeding without an attorney, and the Court, at this stage of the proceedings, accepts his factual allegations as true and construes all legal claims in his favor. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

**II**

Upon review, the Court finds McGruder is not entitled to relief under 28 U.S.C. § 2241. McGruder's primary argument is that his 18 U.S.C. § 1959 conviction for aiding and abetting murder in aid of racketeering activity cannot be a "stand alone offense" [*see* R. 1-1 at 15], and he thus was improperly charged and convicted. McGruder suggests that prosecutors and courts have been misinterpreting 18 U.S.C. § 1959 for years and that it was inappropriate to charge him

2

under § 1959 for aiding and abetting murder because murder is a state offense and therefore provides no "nexus that violated or affected interstate or foreign commerce." *Id.* at 22-23. This jurisdictional argument is improper in the instant § 2241 proceeding.

      Although a federal prisoner may challenge the legality of his conviction and sentence on direct appeal and through a timely § 2255 motion, he generally may not do so in a § 2241 petition. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) (explaining the distinction between § 2255 and § 2241 relief). Instead, a § 2241 petition is typically used to challenge actions taken by prison officials that affect the way the prisoner's sentence is being carried out, such as computing sentence credits or determining parole eligibility. *See Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). To be sure, there is an exception under which federal prisoners have been permitted to challenge the validity of their convictions in a § 2241 proceeding. However, the Sixth Circuit Court of Appeals has explained that an inmate may only proceed via this exception in limited circumstances. For the exception to apply, the petitioner must allege his own actual innocence by demonstrating that:

> (1) The existence of a new interpretation of statutory law, (2) which was issued after the petitioner had a meaningful time to incorporate the new interpretation into his direct appeals or subsequent motions, (3) is retroactive, and (4) applies to the merits of the petition to make it more likely than not that no reasonable juror would have convicted him.

*Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012).

      McGruder has not made such a showing in this case. First, McGruder fails to identify any new, retroactive interpretations of statutory law that provide him relief from his conviction, claiming instead that his case is one of "first impression." [*See* R. 1-1 at 23.] And of the precedent McGruder does attempt to rely upon, at least one of the cases was decided three years

before McGruder's jury trial.  [*Id.* at 15 (citing *United States v. Garcia*, 68 F. Supp. 2d 802 (E.D. Mich. 1999).]

Furthermore, McGruder fails to explain why he could not raise his argument regarding the Government's lack of jurisdiction over the charged conduct (i.e., state or common law murder) before now—either at trial, on direct appeal, or in his 28 U.S.C. § 2255 petition.  *See, e.g.*, *Wright v. Spaulding*, 939 F.3d 695, 705 (6th Cir. 2019) ("We therefore hold that a federal prisoner cannot bring a claim of actual innocence in a § 2241 petition through the savings clause without showing that he had no prior reasonable opportunity to bring his argument for relief.").  In fact, it appears McGruder *has* raised arguments regarding federal jurisdiction several times; the arguments merely proved unsuccessful.  *See, e.g.*, *United States v. Crenshaw*, 359 F.3d 977, 984-87 (8th Cir. 2004) (denying McGruder and another codefendant's arguments on direct appeal that 18 U.S.C. § 1959 is facially unconstitutional and that, in their specific case, there was insufficient proof that their enterprise was engaged in or otherwise affected interstate commerce).

Overall, McGruder clearly had a prior reasonable opportunity to raise all of the arguments he sets forth in his § 2241 petition, and he appears to have taken advantage of that opportunity.  As a result, the savings clause of § 2255 does not apply, and McGruder may not relitigate his claims in this § 2241 proceeding.

### III

For the foregoing reasons, the Court hereby **ORDERS** as follows:

1. McGruder's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] is **DENIED**;

2. This case is **CLOSED** and **STRICKEN** from the Court's active docket; and

3.      Judgment will be entered contemporaneously herewith.

This the 31st day of August, 2020.

Gregory F. Van Tatenhove
United States District Judge